IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CHAD EDWARD JOHNSON | § | |
| VS. | § | CIVIL ACTION NO.   1:23-CV-288 |
| DIRECTOR, TDCJ-CID | § | |

ORDER ADOPTING THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION

Petitioner Chad Edward Johnson, a prisoner confined at the Clemens Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The Court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. On August 28, 2023, the magistrate judge recommended dismissing the petition without prejudice pursuant to Federal Rule of Civil Procedure 41(b).  Proper notice was given to Petitioner at his last known address.  *See* FED. R. CIV. P. 5(b)(2)(C).  To date, the parties have not filed objections to the report.

The Court received and considered the Report and Recommendation of United States Magistrate Judge pursuant to such referral, along with the record, pleadings and all available evidence.  After careful review, the Court finds that the findings of fact and conclusions of law of the United States Magistrate Judge are correct.

ORDER

Accordingly, the findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge [Dkt. 8] is ADOPTED.  A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

Furthermore, Petitioner is not entitled to the issuance of a certificate of appealability.  An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b).  The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982).  In making that substantial showing, the petitioner need not establish that he should prevail on the merits.  Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further.  *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009).  If the petition was denied on procedural grounds, the petitioner must show that jurists of reason would find it debatable:  (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling.  *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328.  Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination.  *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason, or that a procedural ruling was incorrect. In addition, the questions presented are not worthy of encouragement to proceed further. Thus, Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

**SIGNED this 17th day of October, 2023.**

_____
Michael J. Truncale
United States District Judge